# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **QASHIME WAGNER,** | : | **CIVIL ACTION** |
| *Petitioner-pro se*, | : | |
| | : | **NO. 25-902** |
| **v.** | : | |
| | : | |
| **HOWARD SISSEM,**[1] **et al.**, | : | |
| *Defendants.* | : | |

## MEMORANDUM OPINION

NITZA I. QUIÑONES ALEJANDRO                    NOVEMBER 10, 2025

**INTRODUCTION**

Petitioner Qashime Wagner ("Petitioner"), proceeding *pro se*, filed a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 ("Petition"), (ECF 2), and memorandum, (ECF 3), challenging his Pennsylvania detainment, which was authorized by the Pennsylvania Parole Board after Petitioner was charged with new crimes committed in New Jersey while on parole. Respondents filed a response in opposition. (ECF 16). The Petition was referred to United States Magistrate Judge Scott W. Reid (the "Magistrate Judge") for a *Report and Recommendation* ("R&R") pursuant to 28 U.S.C § 636(b) and Local Rule 72.1. (ECF 6). On August 27, 2025, the Magistrate Judge submitted an R&R recommending that the Petition be denied. (ECF 19). Petitioner timely filed objections.[2] (ECF 21). The matter is now ripe for consideration. Upon a thorough and independent review of all the court filings and for the reasons set forth herein, Petitioner's objections are overruled and the Petition for a writ of *habeas corpus* is dismissed.

---

[1]        Howard Sissem, who became the Superintendent of SCI-Forest while this Petition was pending, by law is substituted for former Superintendent Randy Irwin as a Respondent.

[2]        Petitioner filed a *motion to file written objections to the Report and Recommendation*, in which he sets forth his objections to the R&R. (ECF 21). As such, this Court will construe this motion, not as a motion but instead as Petitioner's objections. However, because it is identified as a motion, this Court, by separate order, will grant the motion.

## BACKGROUND

Briefly, the facts relevant to the Petition and Petitioner's R&R objections are as follows:[3]

In June 2013, a jury in the Philadelphia County Court of Common Pleas (Pennsylvania) convicted Petitioner of two counts of robbery and one count of conspiracy. Subsequently, the trial judge sentenced him to an aggregate sentence of 6-15 years of imprisonment. In October 2013, Petitioner was sentenced to 2½ - 5 years imprisonment for violating a probation imposed sentence for carrying a firearm carrying conviction. Because of this violation of his probation, the Pennsylvania Department of Corrections calculated Petitioner's aggregated total term of imprisonment to be 8½-20 years. In 2021, Petitioner was granted parole on his Pennsylvania firearm conviction and, thereafter, reported regularly to his parole officer.

Based on his alleged involvement in an armed robbery committed in Monmouth County, New Jersey, Petitioner was charged on January 18, 2023 under N.J. Stat. § 2C:15–1a(3) with robbery/threat to commit a first or second degree crime. On January 27, 2023, he was detained and arrested by Philadelphia police on a warrant issued by New Jersey officials. Petitioner was extradited to New Jersey and was later released on April 21, 2023.

Thereafter, Petitioner reported to his Philadelphia district parole office and, because the New Jersey charges remained pending, he was again detained on April 24, 2023 for a possible parole violation. Following a hearing held on May 23, 2023, the Pennsylvania Parole Board (the "Parole Board") issued a Notice of Decision which continued Petitioner's detainment pending the disposition of the New Jersey charges. Petitioner unsuccessfully sought administrative review of the Parole Board's determination. He also filed a petition for a writ of mandamus in the Pennsylvania Commonwealth Court, which was dismissed for lack of jurisdiction.

In the interim, on January 24, 2023, an indictment was issued in New Jersey for Petitioner's armed robbery charges. Petitioner was arraigned on February 5, 2024. He remains detained in Pennsylvania, and the New Jersey criminal case is ongoing.

## LEGAL STANDARD

As noted, on August 27, 2025, the Magistrate Judge submitted an R&R recommending that

the Petition be denied. Petitioner filed timely objections. Where objections to an R&R are filed,

---

[3]    These facts are taken from the R&R, (ECF 19), and are supplemented with information presented in the parties' briefings and publicly available court documents.

the court must conduct a *de novo* review of the contested portions of the R&R, *see Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(C)), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 607 (3d Cir. 1984).  In its *de novo* review, a court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge.  28 U.S.C. § 636(b)(1).  Although the review is *de novo*, the statute permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper.  *United States v. Raddatz*, 447 U.S. 667, 675–76 (1980); *Goney*, 749 F.2d at 7.

Unless there is no available state remedy or process that would be effective, a state prisoner applying for a writ of *habeas corpus* must first present his argument to the state courts before the argument or claims can be addressed by the federal courts.  28 U.S.C. § 2254(b)(1).  In other words, a state prisoner must exhaust his options in state court before seeking federal relief.  This exhaustion requirement is "designed to give the State an 'initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights."  *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal citation omitted).  The requirement also recognizes the duty of state courts "to safeguard the constitutional rights of a state criminal defendant," and that integral facts are typically developed through state court proceedings.  *Landano v. Rafferty,* 897 F.2d 661, 669 (1990).  "[O]nce the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied."  *Picard*, 404 U.S. at 275.  The burden of proving the exhaustion requirement is satisfied falls on the *habeas* petitioner.  *Landano*, 897 F.2d at 669.

If a court determines a *habeas* petition contains unexhausted claims, the court may dismiss the petition without prejudice or issue a stay to allow the petitioner an opportunity to exhaust.  *Rose v. Lundy*, 455 U.S. 509, 522 (1982); *Rhines v. Weber*, 544 U.S. 269, 276, 278 (2005).  Alternatively, where unexhausted claims are patently meritless, a court may deny those claims on

the merits without reaching the issue of exhaustion. 28 U.S.C. § 2254(b)(2); *Carpenter v. Vaughn*, 296 F.3d 138, 146 (3d Cir. 2002) (stating that federal courts can "deny an unexhausted claim on the merits if it is perfectly clear that the applicant does not raise even a colorable federal claim") (quotation and citation omitted).

Here, the Petitioner is proceeding *pro se.* Accordingly, this Court construes his allegations liberally. *See Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–46 (3d Cir. 2023) ("We are especially likely to be flexible [construing pleadings] when dealing with imprisoned *pro se* litigants.").

## DISCUSSION

In his Petition, Petitioner makes clear that he is not challenging his sentence. Instead, Petitioner is "challenging this Parole Board detainer, illegal investigation and the charges" that led to his detainment. (ECF 2 at p. 1). His sole claim appears to be that: "[t]here are no available state court remedies for Pennsylvania parole." (*Id.* at p. 6). In his prayer for relief, Petitioner requests an order lifting his Pennsylvania detainer and dismissing the New Jersey criminal charges against him on the grounds that both are based on an "illegal joint investigation and violation of due process." (*Id.* at p. 16). Petitioner details in his argument that, upon being detained by the Parole Board on April 24, 2023, his parole officer conducted an illegal search and seizure of his cellphone to further the criminal investigation against him in New Jersey. (*See* ECF 3). As such, this Court understands Petitioner's *habeas* claim as one based on an alleged violation of his Fourth Amendment right to be secure against unreasonable search and seizure.

Despite an apparent lack of exhaustion, the Magistrate Judge recommends that the Petition be dismissed on the merits for two reasons; *to wit*: (1) Petitioner's claim amounts to an allegation

of unlawful search and seizure, which is not a cognizable ground for *habeas* relief on this record; and, (2) even if the claim was cognizable, it fails to assert a federal constitutional violation because the Fourth Amendment exclusionary rule does not apply to parole revocation proceedings. (ECF 19 at pp. 3–4). Petitioner objects and argues that the Magistrate Judge erred in: (1) interpreting the facts; (2) considering his argument; (3) allowing a joint interstate criminal investigation; (4) not ordering discovery; (5/6) applying Pennsylvania law; (7) not reviewing the legality of his Pennsylvania detainment and the New Jersey investigation and indictment; and (8) not granting his requested relief. (ECF 21). Petitioner's objections each mistake the facts, the law, or both.

### *Objection One: Interpreting the Facts and Petitioner's Background*

Petitioner claims that the Magistrate Judge "misread or overlooked" that Respondents' exhibits indicate that he was indicted in New Jersey one year after being detained in Pennsylvania, and that, even after being detained for over two years, he has not yet been taken to trial. (ECF 21 at ¶ 1). Petitioner's objection baselessly faults the Magistrate Judge for not attributing relevance to the nebulous connection between his interstate infractions, that is, his parole violation in Pennsylvania and his criminal charges in New Jersey. Petitioner appears to believe that the Magistrate Judge should have found that his detainment is illegal because of being detained and should have somehow influenced the timeline of New Jersey's criminal investigation, indictment, and prosecution against him. This Court disagrees with this premise. It is clear that the Magistrate Judge considered the facts relevant to this issue. (*See* ECF 19 at 1–3).

This Court finds no basis for a contrary conclusion. Petitioner's Pennsylvania detainment has no bearing on the timeline of New Jersey's charging, indictment, and trial process. The Parole Board is authorized to lodge detainers on parolees charged with a new criminal offense, regardless of where committed, pursuant to 37 Pa. Code § 71.3 as an "intermediary step in the parole

revocation process." *Kester v. Pa. Bd. of Probation and Parole*, 609 A.2d 622, 624 (Pa. Commw. Ct.1992). Specifically, § 71.3 provides that: "[a] parolee may be detained on a Board warrant pending disposition of a criminal charge following … a detention hearing." 37 Pa. Code § 71.3(1)(iv). Thus, Petitioner's Pennsylvania detainment is separate and distinct from his New Jersey criminal proceeding. They are linked only by the fact that Petitioner was on parole and charged with a new crime. And given that charge, the Parole Board was well within its discretion to order his detainment. *Id.*

Notably, Petitioner was detained by the Parole Board on April 24, 2023, and afforded a detention hearing on May 23, 2023. (*See* PPB Notice of Board Decision, ECF 15 at p. 4; PPB Supervision History, ECF 4 at p. 7). At the detention hearing, it was determined that Petitioner had been arrested for an armed robbery offense in New Jersey. On June 2, 2023, the Parole Board issued a Notice of Decision that Petitioner must remain in custody because of those pending charges. (*See id.*, ECF 15 at p. 4). Petitioner's detainment was consistent with the procedures instructed by Pennsylvania law. It strains credulity to conclude that the detainment was in any way influenced, or served to influence, the criminal proceeding in New Jersey. Because this Court finds no error in the Magistrate Judge's analysis of the facts, this objection is overruled.

### Objection Two: Considering the Petition's Arguments

This objection argues that Petitioner's claim is "a violation of procedural and substantive due process,"[4] and contends that his parole officer effectuated a warrantless search and seizure of his cellphone "for the sole purpose of assisting [the] Monmouth County Prosecutor's Office, not for a parole violation or a revocation hearing." (ECF 21 at ¶ 2). In this objection, Petitioner merely

---

[4]    The R&R construes Petitioner's claim as arising under the Fourth Amendment, which is adopted by this Court for the reasons set forth *supra* at p. 4. That is, the only constitutional challenge discernable from Petitioner's allegations is one of unreasonable search and seizure.

rehashes the arguments in his Petition, which were considered and referenced in the R&R.  In an abundance of caution, this Court reviews this and other arguments *de novo*.

A threshold inquiry for a petition for a writ of *habeas corpus* is whether the petitioner fully exhausted his claims.[5]  *Picard*, 404 U.S. at 275.  The recognized means of challenging the legality of a Pennsylvania parole detainment pursuant to 37 Pa. Code § 71.3 is to file a writ of *habeas corpus* in the judicial district "where the nexus of the underlying transaction took place."  *Kester*, 609 A.2d at 625, 627; *see also Com. v. Krall*, 304 A.2d 488, 489 n.1 (Pa. 1973) (noting a petition for a writ of *habeas corpus* as the "traditional mode of challenging the legality of detention").  Pursuant to Section 6503 of Title 42 of the Pennsylvania Consolidated Statutes, "an application for *habeas corpus* to inquire into the cause of detention may be brought by . . . any person restrained of his liberty within this Commonwealth under any pretense whatsoever."  42 Pa. Cons. Stat. § 6503(b).  Petitioner has provided no evidence of a § 6503 petition.[6]  Therefore, this Court cannot find he has exhausted his state law remedies.

Nonetheless, Petitioner argues that the holding in *Defoy v. McCollough*, 393 F.3d 439 (3d Cir. 2005) excuses the exhaustion requirement in this case.  (ECF 3 at ¶ 1).  In *Defoy*, the United States Court of Appeals for the Third Circuit held that a state remedy is "not available for

---

[5]    In recommending that Petitioner's claim be denied on the merits, the Magistrate Judge circumvented the exhaustion analysis.  Clearly, this is a decision the Magistrate Judge can make.  *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of *habeas corpus* may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

[6]    This Court notes that Petitioner petitioned for, and was denied, administrative review of the Parole Board's detainer order.  (ECF 3, Argument at ¶¶ 15–17).  A parolee may request administrative review of a Parole Board determination "relating to revocation decisions" within thirty days of the mailing date of the Board's determination.  37 Pa. Code § 73.1(b)(1).  Unlike a parole revocation order, a detainer order is not appealable.  *Kester*, 609 A.2d at 624.  While Petitioner appears to have complied with the administrative remedy procedure available to him, instituting such review is not relevant to the exhaustion of the instant claim, which seeks *habeas corpus* relief.

Pennsylvania state prisoners seeking to challenge the denial of their parole on constitutional grounds other than the *ex post facto* Clause." 393 F.3d at 445. That is not the case here because Petitioner is not being denied parole. Rather, he is being held subject to pending charges in another jurisdiction. Thus, unlike the petitioner in *Defoy*, Petitioner is challenging not a denial of parole, but his detainment pending a disposition that may inform whether to revoke his parole. *See Kester*, 609 A.2d at 624. Detainment pursuant to § 71.3 is distinct from parole revocation; revocation in this case requires the additional step of being convicted, found guilty, or pleading guilty to the new crime leading to detainment. 61 Pa. Cons. Stat. § 6138. Therefore, Petitioner was and is required to exhaust his available state remedies before petitioning this Court.

Because Petitioner has not argued nor is there any evidence that Petitioner has brought a § 6503 *habeas* petition with the appropriate state court, Petitioner's claim has not yet been fairly presented to the state courts. This reason alone is sufficient to dismiss the Petition. *See Ross v. Petsock*, 868 F.2d 639, 641 (3d Cir. 1989) (internal citation omitted) ("[A] *habeas* applicant must show that the federal claim he asserts in the federal court has been fairly presented to the state courts.").

### *Objection Three: Allowing a Joint Interstate Criminal Investigation*

In this objection, Petitioner argues that the Magistrate Judge erred in allowing the Parole Board and the Monmouth County Prosecutor's Office to conduct a joint investigation. (ECF 21 at ¶ 3). Petitioner's interpretation of the facts is misguided. The R&R does not, implicitly or explicitly, authorize or directs either law enforcement body to do anything, let alone to conduct a joint investigation.

A federal court ordinarily has no role in state law enforcement investigations. *See Younger v. Harris*, 401 U.S. 37, 45–46 (1971) (explaining the fundamental policy against "federal

interference with state criminal prosecutions").  Further, it is common practice for interstate law enforcement bodies to conduct a joint investigation.  *See*, *e.g.*, N.J. Stat. § 53:2–1 ("[Members of the New Jersey state police] may co-operate with any other State department, or any State or local authority in detecting crime, apprehending criminals and preserving law and order[.]").  Here, Petitioner appears to misunderstand the authority of interstate law enforcement to rely on each other in their investigations.  As such, this objection is overruled because the Magistrate Judge did not err factually or legally in his analysis.

### Objection Four: Not Ordering Discovery

In his fourth objection, Petitioner argues that the Magistrate Judge acted without proper legal or factual basis because he rendered his R&R without subpoenaing evidence from Petitioner's suppression hearing in New Jersey.  (ECF 21 at ¶ 4).  Notably, the R&R was issued prior to Petitioner's motion to subpoena such discovery,[7] (ECF 20).  Regardless, Petitioner's objection is of no consequence because he is not entitled to *habeas* discovery.  "A *habeas* petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course."  *Bracy v. Gramley*, 520 U.S. 899, 904 (1997).  Instead, the petitioner must demonstrate "good cause" before seeking court authorization to conduct discovery.  *See* Rules Governing § 2254 Cases, Rule 6(a), 28 U.S.C.A. foll. § 2254.  Good cause, in this context, is shown "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief."  *Bracy*, 520 U.S. at 908–09 (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)).

---

[7]    Given this Court's reasoning and decision herein, an order denying Petitioner's motion to subpoena, (ECF 20), will, by separate order, be denied as moot.

Here, Petitioner cannot demonstrate good cause for "his parole agent[']s testimony from [the motion to suppress] hearing held 7/29/25," (ECF 20), because the additional discovery would not allow Petitioner to overcome the fatal flaw of his Petition: his failure to exhaust. Accordingly, Petitioner's fourth objection is overruled.

### *Objections Five and Six: Application of Pennsylvania Law to this Petition*

In this objection, Petitioner argues that under Pennsylvania law, evidence seized as a result of an unconstitutional search of a parolee is inadmissible at parole revocation proceedings. (ECF 21 at 5–6). Generally, Petitioner is correct in this assertion. However, for purposes of this *habeas* matter, this assertion is of no moment.

In the R&R, the Magistrate Judge correctly found that Petitioner's claim, even if cognizable, exhausted, and ripe for the consideration of this Court, does not form the basis for federal *habeas corpus* relief because the exclusionary rule does not apply to parole revocation proceedings under federal law. As the Magistrate Judge indicated: "the exclusionary rule created by the Fourth Amendment of the United States Constitution does not apply to parole revocation proceedings." (ECF 19 at p. 4) (citing *Pa. Bd. of Probation and Parole v. Scott*, 524 U.S. 357 (1998)). While Petitioner correctly recognizes that different rights are afforded under the Pennsylvania Constitution (compared to the United States Constitution), a person in custody pursuant to the judgment of a state court may bring a federal *habeas corpus* petition "*only* on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254 (emphasis added); *see Reinert v. Larkins,* 379 F.3d 76, 94 n.4 (3d Cir. 2004). The United States Supreme Court has held that "parole boards are not required by federal law to exclude evidence obtained in violation of the Fourth Amendment." *Scott*, 524 U.S. at 369.

While this Court agrees with the Magistrate Judge's interpretation of the applicable law, it declines to adopt its application because Petitioner's parole has not yet been revoked.  It is expected that the Parole Board will conduct a parole revocation hearing once the New Jersey charges are resolved.  *See Kester*, 609 A.2d at 624.  Only at that point – *i.e.*, when and if Petitioner has a revocation hearing, and his parole is revoked – will a challenge to parole revocation that may implicate the principle set forth in *Scott* become ripe.  Thus, Petitioner's fifth and sixth objections are premature and are overruled.

### Objection 7: Legality of the Pennsylvania Detainment, New Jersey Investigation and Indictment

In this objection, Petitioner rehashes his argument that "[t]he detainment, the investigation and the indictment . . . is illegal[.]" (ECF 21 at ¶ 7).  As such, Petitioner's seventh objection is nothing more than an attempt to re-litigate his previous objections and arguments.  Even if this Court were to address this objection in full, it would have no effect on the outcome of the Petition because this Court finds that the Magistrate Judge's recommendation to deny the Petition is sound.  Accordingly, Petitioner's seventh objection is overruled.

### Objection 8: Not Granting the Requested Relief

Lastly, Petitioner argues that it is this Court's duty to reverse the order revoking his parole and to order the withdrawal of his "illegal" indictment in New Jersey as "an abuse of the criminal justice process."  (ECF 21 at ¶ 8).  As noted above, this Court possesses no such power.  Moreover, based on this Court's review of the record before it, Petitioner's argument about abuse of justice falls short.[8]  Thus, Petitioner's eighth objection is overruled.

---

[8]    The documents Petitioner puts before this Court make clear that the evidence which led to his New Jersey charges was generated prior to his detainment, which nullifies his argument that the Pennsylvania detainment was for the allegedly illegal purpose of furthering the New Jersey investigation.  (*See*, *e.g.*, Criminal Arrest and Disposition Report dated **Jan. 27, 2023**, ECF 4 at p. 8) ("[D]etectives were able to obtain warrants to track GPS points of [Petitioner's] cellphone . . . his phone GPS pinged at [the township

**CONCLUSION**

For the reasons set forth herein, Petitioner's objections to the *Report and Recommendation* are overruled, and his Petition for a writ of *habeas corpus* is dismissed.  An Order consistent with this Memorandum Opinion follows.

*NITZA I. QUIÑONES ALEJANDRO*, J.

---

where the robbery occurred] on Aug. 10, 2023."); (*see also* T-Mobile Response to Subpoena dated **Aug. 23, 2022**, ECF 4 at pp. 9–10) (producing Petitioner's phone records but objecting to the production of associated payment records).  Also, a warrant is not required to search an offender and his property when he is being taken into custody.  *See* 42 Pa. Cons. Stat. § 9912 (d)(1)(ii) ("A personal search of an offender may be conducted by an officer . . . when an offender is transported or taken into custody[.]").